UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRE ANTROBUS,

                Plaintiff,

-against-

ANTHONY ANNUCCI, Comm. Superintendent DOCCS, et al.,

                Defendants.

21 Civ. 1161 (LGS)

ORDER DENYING IFP APPLICATION

---

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, *pro se* Plaintiff is presently held in the Vernon C. Bain Center in the Bronx. Plaintiff seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

WHEREAS, because Plaintiff has filed three actions as a prisoner that were frivolous, malicious, or failed to state a claim, *see Antrobus v. Wright*, No. 13 Civ. 3804, Dkt. No. 6 (S.D.N.Y. Oct. 22, 2013), he is barred from proceeding IFP under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA") unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In order to demonstrate that some "danger" of serious physical injury is "imminent," and thereby succeed in a motion to proceed IFP, Plaintiff must plausibly allege that: (1) there is a danger to his physical well-being; (2) the danger "exist[ed] at the time the complaint [wa]s filed," *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *accord Shepherd v. Keyser*, No. 21 Civ. 2363, 2021 WL 1842159, at *5 n.6 (S.D.N.Y. May 7, 2021); and (3) the danger is "fairly traceable to unlawful conduct asserted in the complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009) (emphasis omitted); *accord Shepherd*, 2021 WL 1842159, at *5 n.6. Among Plaintiff's many allegations are that at the time that he filed his Complaint, he (1) was

kept near COVID-19 patients; (2) had injured himself by slipping on wet floors and suffered from a broken ankle and (3) suffered from pain due to inadequate dental care.

WHEREAS, in making an initial IFP determination, "courts should not make an overly detailed inquiry into whether [a prisoner's] allegations qualify for the exception, because [the PLRA's] three-strikes rule concerns only a threshold procedural question." *Shepherd v. Annucci*, 921 F.3d 89, 94 (2d Cir. 2019) (internal quotation marks and citation omitted, first and second alterations in original). If a defendant later challenges a provisional grant of IFP status, courts may then reexamine that determination. *Id.* at 95. At the same time, a court may find that a complaint does not satisfy the "imminent danger" exception if the complainant's "claims of imminent danger are conclusory . . . ." *Id*. at 94. Because Plaintiff is proceeding *pro se*, his submissions are interpreted liberally "to raise the strongest arguments they suggest." *Lasher v. United States*, 970 F.3d 129, 132 n.3 (2d Cir. 2020).

WHEREAS, courts evaluating whether potential exposure to COVID-19 creates an imminent danger of serious physical injury have noted that "generic allegations regarding potential COVID-19 exposure are insufficient to establish imminent danger." *McFadden v. Morley*, No. 20 Civ. 06934, 2021 WL 775832, at *3 (W.D.N.Y. Feb. 5, 2021) (collecting cases); *see also Jumpp v. Keegan*, No. 20 Civ. 1477, 2020 WL 6383165, *2 (D. Conn. Oct. 30, 2020) (finding allegations that "incarceration exposes him to COVID-19, which in turn poses a danger to him because of his health conditions . . . fail to raise an inference that he is in imminent danger of contracting COVID-19 or that he is particularly vulnerable to the virus and its effects"); *Johnson v. Wilcher*, No. 420 Civ. 089, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020), *report and recommendation adopted*, 2020 WL 5807970 (S.D. Ga. Sept. 29, 2020) (finding plaintiff's allegations that "his risk of contracting the virus was heightened by his proximity to other

inmates that have tested positive for the disease . . . fall short of claiming that plaintiff suffers from a specific and particularized risk of imminent physical harm"). The Complaint alleges that prison officials have acted to "keep [him] here with covid-19 patients," and names three such individuals. Without detracting from Plaintiff's claims, this allegation is too speculative and conclusory to satisfy the legal requirements of the PLRA's "imminent danger" exception.

WHEREAS the Complaint claims Plaintiff has (1) fallen three times and suffered injuries on wet stairs and floors, including a broken ankle and (2) suffers from general pain due to untreated dental issues. Without diminishing these claimed injuries, they are not legally sufficient concrete allegations of imminent and serious physical harm. *See Shepherd*, 921 F.3d at 96 (denying claim of serious injury resulting from numerous alleged falls); *Walker v. Cuomo*, No. 17 Civ. 650, 2018 WL 6068413, at *3 (N.D.N.Y. Nov. 20, 2018) ("generic complaints of pain are not sufficient to satisfy the imminent danger exception under 28 U.S.C. § 1915(g)"). Accordingly, it is hereby

**ORDERED** that Plaintiff's request to proceed IFP is **denied**, and the Complaint is **dismissed** without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while in custody unless he is under imminent threat of serious physical injury.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to *pro se* Plaintiff and note service on the docket.

Dated: May 25, 2021
      New York, New York

                                                         LORNA G. SCHOFIELD
                                                     **UNITED STATES DISTRICT JUDGE**